IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAUL DOMINGUEZ and RAFAEL MARTINEZ, On Behalf of Themselves and All Others Similarly Situated, § § § § Plaintiffs, § § V. § § LEWIS ENERGY GROUP, L.P. (a/k/a Lewis Resource Management, LLC) § § § Defendant. § | CIVIL ACTION NO. 5:15-cv-185 JURY TRIAL DEMANDED COLLECTIVE ACTION |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs, RAUL DOMINGUEZ ("Dominguez") and RAFAEL MARTINEZ ("Martinez") (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated employees, file this Complaint against LEWIS ENERGY GROUP, L.P. (a/k/a Lewis Resource Management, LLC) ("Lewis" or "Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiffs time and one-half their regular rate of pay for all hours worked over 40 during each seven day workweek.

2. Plaintiffs files this lawsuit on behalf of themselves and as a FLSA collective action on behalf of all other similarly situated individuals who worked for Defendant as oilfield workers, were paid an hourly rate of pay, and like Plaintiffs, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3. Plaintiffs and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Raul Dominguez

4. Dominguez is a natural person who resides in Webb County, Texas. He has standing to file this lawsuit.

5. Dominguez was employed by Defendant as an hourly paid oilfield worker where he worked for Defendant in and around the Eagle Ford oilfield play in Texas. Dominguez's home yard with Defendant was in Encinal, Texas.

6. Dominguez is a former employee of Defendant whose dates of employment are approximately May 6, 2013 to January 14, 2015.

### B.     Plaintiff Rafael Martinez

7. Martinez is a natural person who resides in Webb County, Texas. He has standing to file this lawsuit.

8. Martinez was employed by Defendant as an hourly paid oilfield worker where he worked for Defendant in and around the Eagle Ford oilfield play in Texas. Martinez's home yard with Defendant was in Encinal, Texas. Martinez is a former employee of Defendant whose dates of employment are approximately October 20, 2013 to January 14, 2015.

### C.     Collective Action Members

9. The putative collective action members are all current and/or former hourly oilfield worker employees of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. While their precise job duties might vary somewhat as oilfield worker employees, those differences do not

matter for purposes of determining their entitlement to overtime pay. Because Defendant did not pay all overtime premium compensation to its hourly oilfield worker employees who routinely worked in excess of 40 hours per workweek, Plaintiffs and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

10. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

### D. Defendant Lewis Energy Group, L.P.

11. Defendant is a foreign limited partnership company organized under the laws of the State of Delaware.

12. The general partner of Defendant is Tercero Navarro, Inc.

13. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

14. Defendant's principal place of business, as listed with the Texas Secretary of State, 10101 Reunion PL, Suite 1000, San Antonio, Texas 78216.

15. Defendant maintains multiple district offices/yards in Texas from which oilfield workers, support personnel, supplies and equipment are based and dispatched on a variety of work projects, including oil and/or gas exploration and production projects.

16. Defendant has or had a fully operation district office/yard in La Salle County, Texas located at or near 1015 Highway 44, Encinal, Texas 78019.

17. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

18. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

19. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

20. For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include oilfield work offered/provided by Defendant to customers in Texas and states other than Texas and communications by phone, mail, and internet with customers/prospective customers in Texas and states other than Texas.

21. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, equipment and supplies/materials used in connection with Defendant's oilfield operations.

22. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

23. Defendant may be served with summons through its registered agent, Tercero Navarro, Inc., 10101 Reunion Place, Suite 1000, San Antonio, Texas 78216.

### E. Jurisdiction and Venue

24. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

25. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

26. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

27. Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendant maintains its principal place of business in this District and conducts substantial business operations in this District that involved Plaintiffs and many of the putative class members.

28. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas because, as previously identified, Defendant maintains its principal place of business within the San Antonio Division and a substantial part of the events giving rise to the claims in this lawsuit occurred in the San Antonio Division.

### III.   FACTUAL BACKGROUND

29. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

30. During times relevant, Defendant employs/employed numerous oilfield workers in connection with its oilfield operations throughout Texas. Those workers work/worked on and/or in support of Defendant's oilfield operations which supported the exploration and/or production of oil and/or natural gas..

31. Plaintiffs were hourly employees who worked on or in support of Defendant's operations in the Eagle Ford Shale area. Plaintiffs' primary job duties were the operation of vacuum trucks which loaded and offloaded saltwater and other fluids associated with oil and/or gas exploration/production.

32. Plaintiffs routinely worked in excess of 40 hours in a seven day workweek.

33. Plaintiffs were non-exempt employees of Defendant pursuant to the FLSA. When they worked more than 40 hours per seven day workweek, they was entitled to receive overtime premium compensation at the rate of one and one-half times their regular rate of pay for all such hours worked over 40.

34. Defendant had a practice and policy not to pay Plaintiffs for all hours of work per workday.

35. For Example, Plaintiffs were required to report to a specified location in the morning, generally around 4:45 am where they joined other workers in a van operated by Defendant where they were taken to their assigned vacuum trucks. Although the workers in Defendant's discussed and planned which routes they would be taking that day with their vacuum trucks, in addition to other matters regarding their principal work activities of the day, Defendant did not allow them to clock in for pay purposes until they arrived at Encinal, Texas where their vacuum trucks were typically located. This time before being allowed to clock in was work that was integral and indispensible to Plaintiffs' principal work activities as oilfield workers of Defendant.

36. During the workday, Defendant deducted a 30 minute lunch break although Defendant knew, or should have known, that Plaintiffs were not relieved of all work activities during that time period. Specifically, Plaintiffs had to stay with their vacuum trucks during that meal period. Additionally, if Plaintiffs were able to eat a meal, it was typically done while driving or while loading or offloading the vacuum truck.

37. Defendant typically required Plaintiffs to log out at 6:30 pm each workday even though Plaintiffs still had work to complete. Such work included post-trip inspections of vehicles, paperwork related to the day's work activities and preparation for the next workday. In

addition to not being paid for that time, Plaintiffs were also not paid for the return travel in the company van with other oilfield workers to the location where they were required to meet for work in the mornings. During that return trip, Plaintiffs and other workers discussed work activities of Defendant to be conducted in the upcoming workday or workdays. Defendant knew or should have known that Plaintiffs performed this work for which they were not paid during the time period after which they were required to clock-out for pay purposes. This work performed by Plaintiffs after clocking out was integral and indispensible to Plaintiffs' principal work activities as oilfield workers of Defendant.

38.

39.

40.     As such, Defendant failed to pay Plaintiffs time and one-half their regular rate of pay for all hours worked over 40 during each seven day workweek.

41.     While working for Defendant, Plaintiffs worked with numerous other hourly oilfield worker employees of Defendant. Like Plaintiffs, those employees routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked and did not/do not receive all overtime compensation owed by Defendant.

42.     During times relevant, Defendant operates/operated in multiple locations throughout Texas. On information and belief, Defendant employed, and continues to employee, hourly oilfield workers in those areas who are similarly situated to Plaintiffs and who, despite being entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in a workweek as FLSA non-exempt employees, were not paid all overtime compensation owed.

43. Although Defendant has recently terminated many employees, on information and belief, it continues to employ hourly oilfield workers that are subject to the aforementioned practices/policies to not include all remuneration required by the FLSA in their respective regular rate of pay when calculating the overtime wages owed.

### IV. CONTROLLING LEGAL RULES

44. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

45. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

46. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

47. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

48. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e)

49. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

50. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

## V.     FLSA CLAIMS

51. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

52. All conditions precedent to this suit, if any, have been fulfilled.

53. At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

54. At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

55. Plaintiffs and putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

56. Plaintiffs and the putative collective action members are/were paid an hourly rate of pay by Defendant.

57. At material times, Plaintiffs and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

58. Defendant is/was required to pay Plaintiffs and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

59. Defendant failed to pay Plaintiffs and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

60. The putative collective action members are/were similarly situated to the Plaintiffs and to each other under the FLSA. 29 U.S.C. § 203(e).

61. Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiffs and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiffs and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

62. Plaintiffs and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

### VI.     FLSA COLLECTIVE ACTION

63. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

64. Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and former hourly paid oilfield workers who are/were employed by Defendant and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

65. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

66. Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

67. Plaintiffs demand a jury trial.

## VIII. DAMAGES AND PRAYER

68. Plaintiffs asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back overtime wages;

   c. Liquidated damages in an amount equal to back FLSA mandated wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest;

  g.  All other relief to which Plaintiffs and the Collective Action Members are entitled.

          Respectfully submitted,

        By: <u>s/ Allen R. Vaught</u>
           Allen R. Vaught
           Attorney-In-Charge
           TX Bar No. 24004966
           Baron & Budd, P.C.
           3102 Oak Lawn Avenue, Suite 1100
           Dallas, Texas  75219
           (214) 521-3605 – Telephone
           (214) 520-1181 – Facsimile
           avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFFS